IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

SARAH MERCER,

    Plaintiff,

vs.

MICHAEL PARKER

    Defendant.

Case No. 6:19-cv-00821-AA

**OPINION AND ORDER**

AIKEN, District Judge:

In this personal injury action, plaintiff Sarah Mercer alleges a negligence claim against defendant Michael Parker for injuries that she sustained from falling off a step in defendant's home during an interaction with defendant's dog. Defendant has moved for summary judgment. For the reasons below, the motion (doc. 9) is DENIED.

## BACKGROUND

The following undisputed facts are drawn primarily from the parties' nearly identical statements of fact and supplemented with plaintiff's deposition testimony.

*See* Def's Memo in Supp't (doc. 10) at 2-3; Pl's Resp. (doc. 12) at 2-3; Mercer Dep. (doc. 11 ex. 1).

Defendant hired plaintiff to be his caretaker. The week before her first day, plaintiff visited defendant's home. Plaintiff and defendant spoke at a table in the sunroom. While they were there, defendant's dog came in the house, but "wasn't really in view." Mercer Dep. (doc. 11 ex. 1) at 17: 16–21. Plaintiff estimates that the dog weighs 120 to 140 pounds. *Id.* at 27: 14.

On her first day, plaintiff arrived with her hands full of groceries and cleaning supplies. Plaintiff entered defendant's home through a dimly lit entryway. There, defendant's dog approached plaintiff and began smelling her and pushing its head against plaintiff's right side, causing plaintiff to take a step back. The dog then went around plaintiff's left side and continued to push against her, which prevented plaintiff from regaining her balance. Defendant grabbed the dog's collar and pulled the dog away from plaintiff, which threw her off balance even more. Finally, when defendant pulled the dog away a second time, plaintiff felt something brush against her side, either the dog or the bags of groceries, and fell off a single, unmarked step injuring herself.

Plaintiff filed this action in Douglas County Circuit Court, and defendant removed the action to this Court. Now defendant moves for summary judgment. The Court held oral argument on the motion on October 8, 2020. Doc. 15.

## STANDARDS

A party is entitled to summary judgment "only if, taking the evidence and all reasonable inferences in the light most favorable to the non-moving party, there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law." *Tauscher v. Phx. Bd. of Realtors, Inc.*, 931 F.3d 959, 962 (9th Cir. 2019) (citing Fed. R. Civ. P. 56(a)). "An issue of material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party." *Id.* (internal quotation marks omitted). The moving party has the burden of establishing the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(a). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (citing Fed. R. Civ. P. 56(e)).

## DISCUSSION

In her Complaint, plaintiff alleged a single negligence claim based on two theories of liability. First, she alleged that defendant "unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell Plaintiff by failing to restrain the dog which cause [*sic*] the injurious fall." Compl. (doc. 1 Ex. 1) ¶ 6. Second, she alleged:

> Defendant unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell Plaintiff by creating a dangerous condition at their home which was a poorly lit entrance landing with a single unmarked and undetectable step, which they reasonably knew or should have known would place Plaintiff at risk of injury.

Compl. ¶ 7.

The parties focus their arguments on general rules of premises liability under Oregon law. They agree that plaintiff was defendants' business invitee[1] and, therefore, that plaintiff's negligence claim based on premises liability invokes the "special duty" that arises from the relationship between possessors of land and their invitees. *See* Def.'s Memo. in Supp't (doc. 10) at 3–4; Pl.'s Resp. (doc. 12) at 4–5; *Garrison v. Deschutes Cnty*, 334 Or. 264, 272 (2002) (observing that the business invitee rule is a "special dut[y]" rule).[2]

Possessors of land in Oregon have a duty to "make the premises reasonably safe for" their invitees. *Woolston v. Wells*, 297 Or. 548, 557 (1984). In general, that duty requires possessors to exercise case to "discover conditions of the premises that create an unreasonable risk of harm to the invitee" and either "eliminate the condition creating that risk or . . . warn any foreseeable invitee of the risk to enable the invitee to avoid the harm." *Id.* at 558.

Defendant initially argued that he was entitled to summary judgment because plaintiff cannot show that the conditions identified in the Complaint—the dog or the

---

[1] "'A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.'" *Taylor v. Baker*, 279 Or. 139, 146, 566 P.2d 884 (1977) (quoting *Restatement (Second) of Torts* § 332(3) (1965)).

[2] Under Oregon law, negligent failure to confine or control a dog "is based on a duty to take reasonable precautions to prevent a foreseeable risk of injury by" the dog and "must be analyzed in terms of the knowledge on the part of the owner that the dog will cause the injury actually incurred by plaintiff if it is not controlled or confined." *Kathren v. Olenik,* 46 Or. App. 713, 719 (1980). A plaintiff's status as an invitee under premises liability law has no bearing on a defendant's liability for failure to restrain a dog. *Van Zanten v. Van Zanten*, 190 Or. App. 73, 77 (2003). As discussed below, defendant addressed foreseeability in the context of his motion for summary judgment on plaintiff's premises liability theory when arguing that a reasonable juror cannot find that defendant's dog was a collateral condition that contributed to an unreasonable risk of harm. But he did not appear to recognize or seek summary judgment on plaintiff's first, separate theory of negligence based on failure to restrain theory of liability.

step—were "unreasonably dangerous." *See* Def.'s Memo. in Supp't (doc. 10) at 3–4. However, as plaintiff responded, the presence of an unreasonably dangerous condition may be evidence of an unreasonable risk of harm, but a premises liability claim does not depend on the presence of such condition. *Ault v. Del Var Properties, LLC*, 281 Or. App. 840, 847, 850 (2016). Instead, the presence or absence of an unreasonably dangerous condition is among the circumstances that may impact "how the possessor's duty must be discharged—*i.e.*, what action must be taken to protect an invitee from an unreasonable risk of harm." *Id.* at 847 (observing that the circumstances include "the nature of the risk, the possessor's knowledge, and the arrangement or use of the premises"). An unreasonably dangerous condition subjects a possessor to a heightened standard of care—the possessor may have to do more than warn potential invitees of conditions, *id.* at 849–50,—but the duty remains the same: a defendant must "keep its premises in a reasonably safe condition" and "take reasonable action to protect the invitee against unreasonable risks of harm." *Id.* at 847. Here, defendant's motion focuses not on whether his actions were reasonable, but rather on whether the conditions that plaintiff identified required him to take any action at all.

In sum, the absence of evidence showing that the step was an unreasonably dangerous condition does not entitle defendant to summary judgment on this motion. Instead, the motion turns on whether or not a reasonable jury could find that the step posed unreasonable risk of harm, after considering all the surrounding

Page 5 – OPINION AND ORDER

circumstances, including the lighting, unrestrained dog, and characteristics of the step.

Defendant acknowledges that courts applying Oregon premises liability law have evaluated whether collateral conditions create an unreasonable risk of harm. But he argues that no reasonable jury could find that the conditions in his home posed an unreasonable risk of harm because there is no evidence that the lighting or step contributed to plaintiff's fall.

Defendant contends that the only evidence concerning the lighting demonstrates that plaintiff's eyes had fully adjusted to the lighting by the time she fell. During her deposition, plaintiff testified that when she first entered, "the room was very dark." Mercer Dep. 23:24–25. She did not see "anything drawn over the windows" and there was "some light filtering through from the window" but her "eyes had to adjust because it was really bright outside that day." *Id.* at 24:3–7. From that testimony, a jury could infer that plaintiff's eyes had adjusted to the light by the time defendant's dog approached her. But a jury could also infer that, although plaintiff could see well enough to identify the general layout of the room and where defendant was standing, her eyes were still adjusting to the dim lighting and that process and the additional focus it required contributed to her disorientation and, ultimately, her fall. There is also sufficient evidence for a jury to find that the step contributed to plaintiff's fall—defendant himself reported that plaintiff fell off the step. Resp. (doc. 12), Ex. 2 (admitting that "[d]uring the interaction [with the dog] Plaintiff lost balance and fell off the step near the front door").

Defendant also argues that there is no evidence to suggest that it was foreseeable that the dog would cause harm to plaintiff. But defendant relies on standards applicable to negligent failure to restrain an animal, which are separate from and not applicable to plaintiff's premises liability theory. As noted above, whether defendant was negligent for failing to restrain his dog, based on foreseeable harm caused by defendant's dog alone, is an issue not properly before the Court. *See supra* note 2. Viewing all the circumstances in the light most favorable to plaintiff, a reasonable jury could find that the conditions identified by plaintiff—the single unmarked step, poor lighting, and presence and behaviors of the dog—collectively created an unreasonable risk of harm to invitees like plaintiff.

## CONCLUSION

For the reasons stated above, defendant's Motion for Summary Judgment (doc. 9) is DENIED. At oral argument, the parties expressed interest in participating in a judicial settlement conference following a ruling on this motion. If the parties remain interested, they should contact Courtroom Deputy Cathy Kramer at 541-431-4102 or Cathy_Kramer@ord.uscourts.gov to have the case referred to settlement judge.

IT IS SO ORDERED.

Dated this  18th  day of December 2020.


_____/s/Ann Aiken_____
Ann Aiken
United States District Judge